UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

KROLL INC. and KROLL ASSOCIATES, INC.,

        Plaintiffs,

  -against-                                  Case No.: 06 CV 4657 (RJH)

FRANK L. HOLDER,

        Defendant.

-------------------------------------------------------------------X

# DEFENDANT FRANK L. HOLDER'S
# ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant FRANK L. HOLDER ("Holder"), by and through undersigned counsel, sets forth his answer, affirmative defenses, and counterclaims to the Plaintiffs' complaint, and states as follows:

1.      The allegations of Paragraph 1 of the complaint are admitted.

2.      The allegations of Paragraph 2 of the complaint are admitted.

3.      The allegations of Paragraph 3 of the complaint are admitted in part and denied in part. Holder admits that he entered into agreements with Kroll in New York, and performed some services in New York under those agreements. Holder denies that he caused damage to Kroll in New York or elsewhere.

4.      The allegations of Paragraph 4 of the complaint are admitted to the extent that Holder does not object to venue in New York.

5.      The allegations of Paragraph 5 of the complaint are admitted in part and denied in part. Holder admits that he entered into an agreement with Kroll Associates on or about March

1, 2000. The remaining allegations of Paragraph 5 are denied because plaintiffs purport to characterize the terms of the 2000 Employment Agreement. The terms of the 2000 Employment Agreement are set forth in that agreement.

6. The allegations of Paragraph 6 of the complaint are admitted in part and denied in part. Holder admits that he entered into an agreement with Kroll Associates on or about June 1, 2003. The remaining allegations of Paragraph 6 are denied because plaintiffs purport to characterize the terms of the 2003 Employment Agreement. The terms of the 2003 Employment Agreement are set forth in that agreement.

7. The allegations of Paragraph 7 of the complaint are admitted in part and denied in part. Holder admits that he entered into an agreement with Kroll and Marsh USA Inc. (Marsh) on or about July 7, 2004. The remaining allegations of Paragraph 7 are denied because plaintiffs purport to characterize the terms of the 2004 Employment Agreement. The terms of the 2004 Employment Agreement are set forth in that agreement.

8. The allegations of Paragraph 8 of the complaint are denied because plaintiffs purport to characterize the terms of the 2004 Employment Agreement. The terms of the 2004 Employment Agreement are set forth in that agreement.

9. The allegations of Paragraph 9 of the complaint are admitted in part and denied in part. Holder admits that on or about July 7, 2004, he entered into an Amendment to the 2004 Employment Agreement with Kroll and Marsh. The remaining allegations of Paragraph 9 are denied because plaintiffs purport to characterize the terms of the Amendment to the 2004 Employment Agreement. The terms of the Amendment to the 2004 Employment Agreement are set forth in that agreement.

10. The allegations of Paragraph 10 of the complaint are admitted.

11. The allegations of Paragraph 11 of the complaint are denied.

12. The allegations of Paragraph 12 of the complaint are denied to the extent that the allegations purport to characterize the content of the January 28, 2005 letter, and to the extent that it is alleged that Holder acknowledged or agreed to the terms of that letter, or plaintiffs' characterization of that letter.

13. The allegations of Paragraph 13 of the complaint are admitted in part and denied in part. It is admitted that Holder entered into a Consulting Agreement with Kroll Associates on or about February 1, 2005. The remaining allegations of Paragraph 13 are denied because plaintiffs purport to characterize the terms of the Consulting Agreement. The terms of the Consulting Agreement are set forth in that agreement.

14. The allegations of Paragraph 14 of the complaint are denied.

15. The allegations of Paragraph 15 of the complaint are denied.

16. The allegations of Paragraph 16 of the complaint are denied.

17. The allegations of Paragraph 17 of the complaint are denied.

18. The allegations of Paragraph 18 of the complaint are denied.

19. The allegations of Paragraph 19 of the complaint are denied.

20. The allegations of Paragraph 20 of the complaint are denied.

## FIRST CAUSE OF ACTION

(Breach of Contract)

21. Paragraphs 1 through 20 are realleged and incorporated herein as if fully set forth.

22. The allegations of Paragraph 22 of the complaint are admitted in part and denied in part. Holder admits that he entered into the July 7, 2004 Employment Agreement and Amendment. The remaining allegations of Paragraph 22 are denied because plaintiffs purport to

characterize the terms of the 2004 Employment Agreement and Amendment. The terms of those agreements are set forth in the agreements.

23. The allegations of Paragraph 23 of the complaint are conclusions of law to which no response is required. To the extent that a response may be required the allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 of the complaint are denied.

25. The allegations of Paragraph 25 of the complaint are admitted.

26. The allegations of Paragraph 26 of the complaint are conclusions of law to which no response is required. To the extent that a response may be required the allegations of Paragraph 26 are denied.

27. The allegations of Paragraph 27 of the complaint are denied.

28. The allegations of Paragraph 28 of the complaint are admitted in part and denied in part. It is admitted that Holder entered into a Consulting Agreement with Kroll Associates on or about February 1, 2005. The remaining allegations of Paragraph 28 are denied because plaintiffs purport to characterize the terms of the Consulting Agreement and the effects of the Consulting Agreement. The terms of the Consulting Agreement are set forth in that agreement.

29. The allegations of Paragraph 29 of the complaint are conclusions of law to which no response is required. To the extent that a response may be required the allegations of Paragraph 29 are denied.

30. The allegations of Paragraph 30 of the complaint are denied.

31. The allegations of Paragraph 31 of the complaint are denied.

32. The allegations of Paragraph 32 of the complaint are denied.

## SECOND CAUSE OF ACTION

(Breach of Contract)

33. Paragraphs 1 through 32 are realleged and incorporated herein as if fully set forth.

34. The allegations of Paragraph 34 of the complaint are denied.

35. The allegations of Paragraph 35 of the complaint are denied.

36. The allegations of Paragraph 36 of the complaint are denied.

## THIRD CAUSE OF ACTION

(Breach of Fiduciary Duty)

38. Paragraphs 1 through 36 are realleged and incorporated herein as if fully set forth.

39. The allegations of Paragraph 39 of the complaint are denied.

40. The allegations of Paragraph 40 of the complaint are denied.

41. The allegations of Paragraph 41 of the complaint are denied.

42. The allegations of Paragraph 42 of the complaint are denied.

## FOURTH CAUSE OF ACTION

(Rescission Based on Fraud)

43. Paragraphs 1 through 42 are realleged and incorporated herein as if fully set forth.

44. The allegations of Paragraph 44 of the complaint are denied.

45. The allegations of Paragraph 45 of the complaint are denied.

46. The allegations of Paragraph 46 of the complaint are denied.

47. The allegations of Paragraph 47 of the complaint are denied.

48. The allegations of Paragraph 48 of the complaint are denied.

49. The allegations of Paragraph 49 of the complaint are denied.

## AFFIRMATIVE DEFENSES:

### First Affirmative Defense

50. The plaintiffs' complaint fails to state claims upon which relief may be granted.

### Second Affirmative Defense

51. The plaintiffs' claims are barred by the doctrine of estoppel.

### Third Affirmative Defense

52. The plaintiffs' claims are barred by the doctrine of accord and satisfaction.

### Fourth Affirmative Defense

53. The plaintiffs' claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

54. The plaintiffs' claims are barred by public policy.

### Sixth Affirmative Defense

55. The plaintiffs' claims are barred by the doctrine of waiver.

### Seventh Affirmative Defense

56. The plaintiffs' claims are barred by their breaches of the contracts identified as the bases for their claims.

### Eighth Affirmative Defense

57. The plaintiffs' claims are barred by the doctrine of laches.

### Ninth Affirmative Defense

58. Defendant intends to rely upon additional defenses that become apparent during discovery proceedings in the action, and hereby reserves the right to amend his Answer to assert additional defenses by appropriate motion.

**WHEREFORE**, defendant Frank L. Holder demands judgment against Kroll, Inc. and Kroll Associates, Inc., plus costs of suit, and such other relief as the Court deems appropriate.

## COUNTERCLAIMS

59. Counter-claimant Frank L. Holder ("Holder") is a citizen and resident of the State of Florida.

60. Counter-defendants Kroll, Inc. and Kroll Associates, Inc. (collectively "Kroll") are Delaware corporations with their principle places of business in New York.

61. The amount in controversy exceeds $75,000 exclusive of costs, interest, and attorneys' fees.

62. Holder and Kroll Associates entered into the 2000 Employment Agreement.

63. Holder and Kroll Associates entered into the 2003 Employment Agreement.

64. Holder, Kroll, and Marsh entered into the 2004 Employment Agreement.

65. Holder, Kroll, and Marsh entered into the Amendment to the 2004 Employment Agreement.

66. Holder and Kroll Associates entered into the Consulting Agreement.

## FIRST CAUSE OF ACTION

(Breach of Employment Agreements)

67. Kroll and Kroll Associates failed to pay Holder $800,000 due in salary under the 2000 Employment Agreement, the 2003 Employment Agreement, and the 2004 Employment Agreement.

68. Kroll and Kroll Associates failed to pay Holder $500,000 due in bonus payment under the 2004 Employment Agreement.

69. Kroll and Kroll Associates failed to pay Holder $200,000 due as a signing bonus for the 2004 Employment Agreement.

**WHEREFORE**, Frank L. Holder demands judgment against Kroll, Inc. and Kroll Associates, Inc. in the amount of $1.5 million, plus interest, costs, and such other relief as the Court deems appropriate.

## SECOND CAUSE OF ACTION

(Breach of Consulting Agreement)

70. During the term of the Consulting Agreement Holder devoted substantial time and services to assisting Kroll Associates in providing services to Brasil Telecom, S.A. and Barrick Gold.

71. Kroll Associates owes but has failed to pay Holder $50,000 for services provided under the Consulting Agreement for Brasil Telecom, S.A.

72. Kroll Associates owes but has failed to pay Holder $6,500 for services provided under the Consulting Agreement for Barrick Gold.

**WHEREFORE**, Frank L. Holder demands judgment against Kroll, Inc. and Kroll Associate, Inc. in the amount of $56,500, plus interest, costs, and such other relief as the Court deems appropriate.

## THIRD CAUSE OF ACTION

(Tortious Interference with Prospective Business Advantage)

73. During his tenure at Kroll, Holder became aware of various practices and circumstances that compromised his integrity and the integrity of Kroll. Holder immediately alerted the heads of Kroll to the conduct in question.

74. One of Kroll's subcontractors had taken confidential client information and provided it to parties adverse to Kroll's client. Kroll's computer systems had been repeatedly compromised and the work stations of one or more of Kroll's managers had been used to provide large amounts of confidential client work product to an adversary.

75. Despite Kroll's improper disclosures of its client's confidential information, and despite requests by Kroll's injured client, Kroll refused to take action against the adverse party to seek return of the confidential information that was disclosed as a result of Kroll's improper conduct.

76. Kroll's refusal to take action was based on its self interest to avoid the public embarrassment caused by its inevitable admission of failing to maintain confidential client information.

77. Kroll also refused to inform its other clients of the breaches of confidentiality related to the misconduct of its subcontractors and employees.

78. Holder urged various executives of Kroll to act in the best interest of its clients, but his requests were refused.

79. Holder felt compelled to leave Kroll based on its breaches of client confidentiality and Kroll's refusal to acknowledge and undertake to correct these improprieties. Accordingly, on or about December 20, 2004, Holder submitted his letter of resignation which was to be effective January 7, 2005. As per their agreement, Holder continued as an employee of Kroll up until January 31, 2005.

80. On or about February 1, 2005, after assurances from Kroll that its past misconduct would not be repeated, Holder and Kroll entered into a consulting agreement under which Holder

agreed to provide consulting services to Kroll in exchange for compensation computed on an hourly basis.

82. The Consulting Agreement was for a limited time period, and Kroll was aware that shortly after the expiration of the Consulting Agreement Holder would be able to compete with Kroll in the field of investigative services.

81. Despite entering into the consulting agreement with Holder, Kroll began a campaign of disparagement against Holder in order to damage his ability to compete with Kroll in the future. Andres Antonius, President for Consulting Services, as well as other Kroll executives, have made baseless defamatory remarks in the public media, insinuating that Holder was involved in the improper production of client documents which are prejudicial to the sitting government of Brazil.

82. Sam Anson, another Kroll official, has made disparaging remarks about Holder to employees of Kroll, who Anson believed were leaving Kroll to associate with Holder or other competing firms.

83. Kroll's improper conduct was intended to and did interfere with Holder's development of business opportunities in Brazil, Spain, and Mexico.

84. Kroll's improper conduct has deprived Holder of revenues from prospective business opportunities in Brazil, Spain, and Mexico.

**WHEREFORE**, Holder demands judgment against Kroll and Kroll Associates for compensatory damages in excess of $75,000, plus interests, costs, and such other relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Defendant Frank L. Holder hereby demands a jury trial on all claims, defenses, and counterclaims at issue in this proceeding.

                **FERRELL LAW, P.A.**
                598 Madison Avenue
                Second Floor
                New York, New York 10022
                Tel. (212) 813-9500
                Fax (212) 813-1155

                By:   s/ George G. Mahfood
                       George G. Mahfood GM0578

                *Attorneys for Defendant Frank L. Holder*