# WILLIAM L. RICHEY, P.A.

201 South Biscayne Boulevard
34th Floor, Miami Center
Miami, Florida 33131-4325

Telephone: (305) 372-8808
Facsimile: (305) 372-3669
E-mail: wlr@richeylaw.com

5501 SW Sunshine Farms Way
Palm City, Florida 34990-5696
Telephone: (772) 220-0558

**Please Reply To:**

Miami Office

August 7, 2008

Honorable Richard J. Holwell
United States District Judge
Southern District of New York        *Via Facsimile No. 212-805-7948*
500 Pearl Street, Room 1950
New York, New York 10007

    Re:    Kroll Inc. v. Holder
               Civil Docket No. 1:06-CV-04657-RJH

Dear Judge Holwell:

       I represent Defendants Ferrell Investigations & Security Corp. ("Ferrell Investigations") and Ferrell Law, P.A. ("Ferrell Law").

       Pursuant to the Court's Individual Rules of Practice, the purpose of this letter is to respectfully request a pre-motion conference concerning Ferrell Investigation's and Ferrell Law's anticipated Motions to Dismiss the Amended Complaint.

       Ferrell Investigations and Ferrell Law seek to move to dismiss the Amended Complaint on the following grounds:

       <u>First</u>, with respect to Ferrell Investigations only, the Amended Complaint fails to specify the legal or factual basis for personal jurisdiction in New York. In fact, there is *no allegation of any kind supporting personal jurisdiction* for Ferrell Investigations.[1] For this reason, the claims against Ferrell Investigations should be dismissed.

---

      [1] The Amended Complaint also fails to allege personal jurisdiction over Ferrell Law, but because Ferrell Law maintains an office in New York, Ferrell Law does not contest personal jurisdiction.

Second, with respect to Ferrell Law only, Plaintiffs improperly sued this defendant, even though Ferrell Law never employed Mr. Holder. This is directly contrary to the assurances provided by Plaintiffs' counsel to the Court, by which Plaintiffs' counsel obtained the right to amend. Specifically, at the May 15, 2008 hearing on Plaintiffs' Motion to Amend,[2] Mr. George Mahfood, Esq. of Ferrell Law, then counsel for Mr. Holder, argued that Plaintiffs' request to amend the complaint to sue Ferrell Law was improperly aimed at requiring Mr. Holder to obtain new counsel, and he further noted that Ferrell Law never employed Holder and therefore should not be a defendant. Tr. 5-6. The Court then asked Plaintiffs' counsel, "have you sued the wrong entity?" Tr. 6. Plaintiffs' counsel responded:

> We believe we had the right entity. . . . If there's some structure there that – separate entity, then we'll amend the complaint after it's been entered. I don't see that as a particular problem here. *We're going to sue whoever hired him.*

Tr. 6 (emphasis added). In granting the Motion to Amend, the Court evidently relied on that representation by Plaintiffs' counsel, ordering: "I'll give the defendants 30 days to determine whether or not the Ferrell Law firm is the proper entity, and direct the parties to consult with each other regarding whether that is the case." Tr. 8. On May 29, 2008, Mr. Mahfood, in compliance with the Court's Order, sent an e-mail to Plaintiffs' counsel clarifying that:

> Frank Holder's employer during the relevant period was Ferrell Investigations and Security, Inc., formerly known as Ferrell Schultz Investigations and Security, Inc.[3]

Plaintiffs' counsel did not write back or consult at all with Mr. Mahfood, in violation of the Court's directive. Rather, Plaintiffs' counsel simply went ahead and sued Ferrell Law, contrary to his representation to the Court.

Third, with respect to both Defendants, Plaintiffs' claim for tortious interference (Fifth Cause of Action) is inadequately pleaded. Plaintiffs assert that Ferrell Investigations and Ferrell Law tortiously interfered with Plaintiffs' consulting contract with Mr. Holder because they allegedly improperly induced Mr. Holder to violate the restrictive covenant incorporated in that contract. ¶¶ 54-58. The Amended Complaint,

---

[2] A copy of the transcript is attached as Exhibit A. Pages from the transcript are cited as "Tr. _."

[3] A copy of the e-mail is attached as Exhibit B.

however, contains no allegations of specific allegedly tortious acts by these entities, just summary conclusions tracking the elements of the claim. *See Assoko v. City of New York*, 539 F. Supp.2d 728, 733 (S.D.N.Y. 2008) (complaint "requires more than labels and conclusions and a formalistic recitation of the elements of a cause of action will not do.") (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).

Notably, the heart of a tortious interference claim is that the tortfeasor *induced* and *procured* the contracting party to violate his agreement, as opposed to the contracting party violating the agreement on his own, without the procurement and inducement of the alleged tortfeasor. *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 424, 646 N.Y.S.2d 76, 82 (1996) (defendant must have "procure[d] . . . the third party's breach of the contract without justification"); *Bradbury v. Cope-Schwartz*, 20 A.D.3d 657, 660, 798 N.Y.S.2d 207, 209 (3d Dep't 2005), *quoting Beecher v. Feldstein*, 8 A.D.3d 597, 598, 780 N.Y.S.2d 153, 154 (2d Dep't 2004) ("a defendant must induce or intentionally procure a third party's breach of its contract"). Yet, the Amended Complaint does not allege which actions, by which Defendant (was it Ferrell Investigations, Ferrell Law, both, neither?) allegedly induced or procured Mr. Holder to allegedly beach the restrictive covenant in his consulting agreement. Further, the Amended Complaint lumps together Ferrell Investigations and Ferrell Law, ¶¶ 21-24, although separate corporate entities, ¶ 4, muddying up Plaintiffs' already inadequately pleaded claim. In fact, Plaintiffs actually plead *against* liability for Ferrell Investigations and Ferrell Law, by first alleging Mr. Holder breached the restrictive covenant through his work with a Brazilian company, ¶¶ 15-16, without any apparent inducement, procurement or even involvement of Ferrell Investigations or Ferrell Law.

Similarly, the tortious interference claim fails to allege Ferrell Investigations or Ferrell Law "used 'wrongful means' to induce the third party to beach the contract." *Wolff v. Rare Medium, Inc.*, 210 F. Supp.2d 490, 499 (S.D.N.Y. 2002), *quoting Guard-Life Corp. v. S. Parker Mfg. Corp.*, 50 N.Y.2d 183, 191, 428 N.Y.S.2d 628, 632 (1980).

> "Wrongful means" includes physical violence, fraud, or misrepresentation, civil suits, and criminal prosecutions, and some degree of economic pressure. But it does not include persuasion alone, even if it is knowingly directed at interference with the contract.

*Wolff*, 210 F. Supp.2d at 499. The required "wrongful means" are not alleged here.

Fourth, with respect to both defendants, Plaintiffs' claim for aiding and abetting the alleged breach of Mr. Holder's alleged fiduciary duties (Sixth Cause of Action) is based on the same insufficiently alleged misconduct of Ferrell Law and Ferrell Investigations, and must be dismissed for the same reasons. *See CVC Claims Litigation*

*LLC v. Citicorp Venture Capital Ltd.*, No. 03 Civ. 7936 (DAB), 2006 WL 1379596, at *8 (S.D.N.Y. May 18, 2006) (dismissing claim for aiding and abetting breach of fiduciary duty because "[p]laintiff failed to allege facts, other than conclusory statements, that [Defendant] knowingly participated in any breach of fiduciary duty"); *Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, No. 99 Civ. 9623 (RWS), 2007 WL 1040809, at *24 (S.D.N.Y. April 4, 2007) ("To aid and abet a breach of fiduciary duty, the defendant must have provided 'substantial assistance to the primary violator' which only 'occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur.'") (citing *Kaufman v. Cohen*, 307 A.D.2d 113, 126, 760 N.Y.S.2d 157, 170 (1st Dep't 2003)).

Fifth, also with respect to the claim against both Defendants for aiding and abetting the breach of Mr. Holder's alleged fiduciary duties (Sixth Cause of Action), the claim should be dismissed for the additional reason that it presupposes Mr. Holder, then an independent contractor, owed any fiduciary duties to Plaintiffs. Plainly, he did not. *See, e.g., Sado v. Ellis*, 882 F. Supp. 2d 1401, 1405-06 (S.D.N.Y. 1995) (no fiduciary duty for independent contractor); *Lipton v. Unumprovident Corp.*, 10 A.D.3d 703, 706, 783 N.Y.S.2d 601, 604 (2d Dep't 2004) (same).

Finally, with respect to both claims against both Defendants, there is no allegation of damages caused by any alleged misconduct by Ferrell Investigations and Ferrell Law. Rather, Plaintiffs assert only recessionary claims for damages, seeking the return of $920,000 paid by Plaintiffs to Mr. Holder under the consulting agreement (and a prior employment agreement). Ferrell Investigations and Ferrell Law are not alleged to have caused Plaintiff to pay Mr. Holder these sums, the return of which is now sought by Plaintiffs in this litigation. Because the Amended Complaint does not allege damages caused by Defendants' alleged tortious conduct, the claims must be dismissed. *See, e.g., Wolff*, 210 F. Supp.2d at 497 ("To establish a prima facie cause of action for tortuous interference with contractual relations, Plaintiffs "must plead . . . damages").

Respectfully submitted,

William L. Richey

WLR/ja
cc: Paul F. Corcoran, Esq.
     Jeffrey M. Eilender, Esq.
     Jonathan Etra, Esq.

```
                                                                      1
       85fzkrom                    Motion
 1     UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF NEW YORK
 2     ------------------------------x

 3     KROLL, INC., et al.,

 4                 Plaintiffs,

 5            v.                              06 CV 4657 (RJH)

 6     FRANK L. HOLDER,

 7                 Defendant.

 8     ------------------------------x

 9                                            May 15, 2008
 9                                            10:05 a.m.

10     Before:

11                 HON. HOLWELL: RICHARD J. HOLWELL,

12                                            District Judge

13                          APPEARANCES

14     DAVIS & GILBERT, L.L.P.
            Attorneys for Plaintiffs
15     BY:  PAUL F. CORCORAN

16     FERRELL LAW, P.A.
            Attorneys for Defendants
17     BY:  GEORGE G. MAHFOOD

18

19

20

21

22

23

24

25
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```



```
                                                                    2
     85fzkrom                      Motion
 1                THE DEPUTY CLERK:  All rise.

 2                THE COURT:  Please, take your seats.

 3                (Case called)

 4                MR. CORCORAN:  Paul Corcoran, Davis & Gilbert, for

 5     plaintiff.

 6                THE COURT:  Mr. Corcoran.

 7                MR. MAHFOOD:  George Mahfood, Ferrell Law, for

 8     Mr. Holder.

 9                THE COURT:  Mr. Mahfood, how are you.

10                MR. MAHFOOD:  Good, your Honor.  Thank you.

11                THE COURT:  This is Mr. Corcoran's --- it's your

12     motion.

13                MR. CORCORAN:  It is, your Honor.  Shall I use the

14     podium or could I speak from here?

15                THE COURT:  You can stay where you are if you like.

16                MR. CORCORAN:  Your Honor, this is a motion to ---

17     under Rules 16(a) and 20(a) of the Federal Rules to amend our

18     complaint for the purpose of adding Kroll -- I'm sorry --

19     adding Ferrell Law firm as a defendant and adding claims

20     against Ferrell for tortious interference, and aiding and

21     abetting breach of fiduciary duty.  These claims arise out of

22     the same transactions that's the subject of the main case.

23     They were timely brought under the case management ruling of

24     this Court, which required such amendments to be made by

25     November 18th, and the additional parties by November 15th.
```

```
                                                                    3
        85fzkrom                 Motion
 1                 Notably, those dates, cutoff dates were fixed in
 2      October about four weeks earlier, by stipulation between the
 3      parties and signed by the Court on October 30th of last year.
 4      So we actually amended our -- moved to amend our complaint and
 5      add a party within two weeks of this Court's signing off on the
 6      case management order. So it was totally timely.
 7                 The argument is being made in opposition that there
 8      was a substantial delay here of 18 months. Well, of course
 9      that's nonsense. This case did begin 18 months earlier, but
10      for 13 months of that period the case was stayed because the
11      defendant made a motion to dismiss the case on grounds that we
12      hadn't done a non-binding mediation before bringing the case.
13                 THE COURT: Was discovery in fact stayed during that
14      period?
15                 MR. CORCORAN: It was stayed during that period. So
16      nothing was begun before the Court ruled on that motion. And,
17      in fact, when we moved to amend the complaint to add Ferrell,
18      no discovery had yet taken place; it was just beginning. We --
19                 THE COURT: What's the status of discovery now?
20                 MR. CORCORAN: We served document demands and
21      discovery timely under the existing -- then existing scheduling
22      order, which was -- by which discovery was supposed to have
23      been completed, fact discovery by March 31st. The defendant
24      declined to participate with regard to Ferrell because they
25      weren't a party yet, and they told us that Mr. Holder was off
```

```
                                                                    4
          85fzkrom                     Motion
 1   traveling around the world and wouldn't be back till the end of
 2   May, so he couldn't appear for his deposition, which was
 3   scheduled for March.
 4              So at this point in time there's been no discovery by
 5   either side. So there's absolutely no prejudice to the
 6   defendants by adding this claim at this time.
 7              THE COURT: Mr. Mahfood.
 8              MR. MAHFOOD: We disagree, your Honor. There has been
 9   delay and there has been prejudice. The delay is that there is
10   nothing about the allegations that are in the proposed amended
11   complaint that could not nor should not have been brought in
12   the original complaint.
13              THE COURT: I think that's probably self-evident. But
14   the question is, isn't it timely under the stipulation?
15              MR. MAHFOOD: Well, I don't believe, your Honor, with
16   all due respect, that that's what the courts look to as to
17   whether it's timely. They look to whether there has been some
18   harm or prejudice as a result of the delay to the party against
19   whom the amendment is sought. And in this case what they're
20   trying to do is to add a party, my law firm, which would result
21   probably in the disqualification of my law firm from the
22   representation of Mr. Holder. Mr. Holder has had my law firm
23   representing him, not only throughout this litigation, but in
24   discussions before this litigations with Kroll concerning the
25   subject of this litigation. Nothing happened between the
```

```
                                                                    5
         85fzkrom                    Motion
 1   discussions that took place in 2005, your Honor, and the time
 2   this motion to amend, that changed -- that would give Kroll any
 3   reason to believe that the facts were different or that Ferrell
 4   Law tortiously interfered.
 5            THE COURT:  If I were to deny a motion to amend and
 6   plaintiff was simply to file a separate lawsuit against the
 7   Ferrell firm, would it be timely?
 8            MR. MAHFOOD:  That would be appropriate.  I don't have
 9   an objection to that.  What I'm saying --
10            THE COURT:  That would result in your disqualification
11   in this case anyway.
12            MR. MAHFOOD:  I don't know that it would.  I don't
13   know that it would.  I don't believe it should result in the
14   disqualification in this case.  We would be free to continue to
15   defend Mr. Holder in this case, and he would not have to change
16   counsel.  That's the -- that's the issue, your Honor.
17            Now, it's really interesting that the thing that has
18   been unsaid, so far, is that this motion to amend was only
19   filed in response to Mr. Kroll -- Mr. Holder's counterclaim
20   against Kroll.  This is a matter in retaliation for that, your
21   Honor.  You see, Kroll was well aware of a relationship between
22   Ferrell Law and Kroll before Holder left Kroll.  Ferrell Law
23   and Kroll --
24            THE COURT:  Ferrell Law is the new employer, right?
25            MR. MAHFOOD:  Ferrell Law was not the new employer.
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                    6
         85fzkrom                  Motion
 1       It was actually a related company called Ferrell International.
 2       You know, Ferrell Law had, at the time, your Honor, quite a
 3       number of offices.
 4               THE COURT:  Well, then who is the proper defendant,
 5       Ferrell Law or Ferrell International?
 6               MR. MAHFOOD:  Well, Ferrell Law is -- was not
 7       Mr. Holder's employer, to my knowledge.  Ferrell -- Ferrell
 8       Consulting or Ferrell International was who Mr. Holder worked
 9       for.  He did not work for Ferrell Law.
10               THE COURT:  Mr. Corcoran, have you sued the wrong
11       entity?
12               MR. CORCORAN:  I don't know, your Honor.  We believe
13       we had the right entity.  There's been no -- it hadn't been
14       brought to our attention before.  If there's some structure
15       there that -- separate entity, then we'll amend the complaint
16       after it's been entered.
17               I don't see that as a particular problem here.  We're
18       going to sue whoever hired him.  The allegations were in the
19       original complaint that he went to work for Ferrell in
20       violation of his restrictive covenants.  So it's been on the
21       table from the outset.  And, quite honestly, we thought that
22       the Ferrell firm would ultimately be disqualified anyway, and I
23       think the rule would be for trial purposes, because they would
24       have witnesses in the case that would have to participate.  And
25       for purposes of trial, they'd be inappropriate counsel.  I
```

...

```
                                                                7
        85fzkrom                Motion
 1   think that the defendant was entitled to use Ferrell if he
 2   chose, despite these allegations, up till trial, but there
 3   would have been a motion to disqualify Ferrell so we wouldn't
 4   be prejudiced by having the Ferrell Law firm conducting the
 5   trial and examining its own witnesses putting the credibility
 6   before the jury.  So that was always an issue in the case.  And
 7   I --
 8            THE COURT:  All right.
 9            All right.  Thank you, Mr. Corcoran.  I understand the
10   issues at this time.  I think there is some prejudice to the
11   defendant in this case.
12            On the other hand, I think some of that prejudice is
13   self inflicted, to the extent that the defendant is an
14   appropriate -- that the Ferrell firm is an appropriate
15   defendant.
16            In these cases, of course, typically the ex-employee
17   and new employer are joined as defendants; the new employer on
18   an aiding and abetting theory.  So it's a situation latent
19   with, at least potential, if not actual conflicts.
20            In light of the stipulation, I think, and the state of
21   discovery, I don't think that the delay was undue, though one
22   could question the strategy behind it.
23            And, in any event, I don't think there is undue
24   prejudice, because I can't see how Ferrell would have tried
25   this case.  Because it's clear that witnesses, at least
```

```
                                                                    8
        85fzkrom              Motion
 1   associated with the Ferrell entity that hired the plaintiff,
 2   would be material witnesses at trial on the issue whether or
 3   not the agreement with Kroll was breached.
 4              So that's the ruling of the Court, and I'm going to
 5   grant the plaintiff's motion.
 6              I'll give defendants 30 days to determine whether or
 7   not the Ferrell Law firm is the proper entity, and direct the
 8   parties to consult with each other as to whether that is the
 9   case.  If it's not the proper entity, I suppose that the
10   Ferrell firm could consider staying in the litigation, at least
11   prior to trial, though I think it would be difficult to do so,
12   and certainly difficult to proceed to trial.
13              That's the ruling of the Court.  I take it from
14   argument of counsel that the March 31, 2008 discovery date has
15   come and gone without a lot being accomplished; is that
16   correct?
17              MR. CORCORAN:  That's correct, your Honor.  We do need
18   an adjustment to the scheduling order to -- discovery really is
19   at the beginning, and I suppose with Ferrell coming in, that's
20   appropriate in any event so nothing had to be redone.
21              THE COURT:  Well, you're always free to seek discovery
22   of the Ferrell firm whether they were party or not.
23              MR. CORCORAN:  Well, we did.  We served them with a
24   deposition notice, but they declined to appear, wanting to
25   resolve this issue first.
```

```
                                                                    9
       85fzkrom                   Motion
  1              THE COURT:  All right.  Well, I'm going to give the
  2    parties a short period of time to complete discovery.  What is
  3    today, May --
  4              MR. CORCORAN:  May the 15th, your Honor.
  5              THE COURT:  All right.  I'll give you till August 30
  6    to complete discovery.
  7              MR. CORCORAN:  Very good.
  8              THE COURT:  All right.
  9              MR. CORCORAN:  Thank you.
 10              MR. MAHFOOD:  Thank you, your Honor.
 11              THE COURT:  Thank you.
 12              (Adjourned)
 13
 14
 15
 16
 17
 18
 19
 20
 21
 22
 23
 24
 25
```

## Danise Townsend

**From:** Mahfood, George [gmahfood@ferrellworldwide.com]
**Sent:** Thursday, May 29, 2008 6:44 PM
**To:** pcorcoran@dglaw.com; Lin, Allie
**Subject:** Kroll v. Holder

Dear Paul and Lin:

Frank Holder's employer during the relevant period was Ferrell Investigations and Security, Inc., formerly known as Ferrell Schultz Investigations and Security, Inc.

# [This paragraph has been redacted as it relates to settlement discussions]

Sincerely,

George

**George G. Mahfood**
Ferrell Law
A Professional Association



201 S. Biscayne Boulevard
34th Floor, Miami Center
Miami, Florida 33131
305-371-8585
305-371-416-6305 fax
ferrellworldwide.com

598 Madison Ave., 2nd Floor
New York, New York 10022
212-813-9500
212-813-1155 fax

**PRIVILEGED MATERIAL** Attorney/Client Work Product
The information contained in this message may be confidential and privileged and may be intended only for the use of the individual or entity identified. If you are not the intended recipient, please do not disseminate, distribute or copy. Instead we ask that you please notify us by replying to the email or calling us at 305-371-8585, and please immediately delete this message. Thank you



8/7/2008